## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

KEITH E. COLEY, ADC #94008                                                            PETITIONER

v.                                    NO. 5:14CV00018 JLH-JTK

RAY HOBBS, Director,
Arkansas Department of Correction                                                    RESPONDENT

### ORDER DENYING MOTION FOR DEFAULT JUDGMENT

Before the Court is the motion for default judgment filed by Keith Coley, an inmate in the custody of the Arkansas Department of Correction. He is currently seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Under the circumstances, the Court finds that the relief requested in petitioner's motion cannot be granted. Accordingly, petitioner's motion for default judgment is denied.

It seems that the respondent complied with the deadline, but petitioner would not be entitled to his requested relief even if respondent's response was a few days late. Although it does not appear that the Eighth Circuit has ruled on whether habeas petitioners are entitled to default judgments for a failure to answer, every other circuit that has answered the question has decided either that petitioners are not entitled to such relief[1] or that petitioners are only entitled to such relief in extreme

---

[1] *See, e.g*, *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (recognizing that a default judgment is not contemplated in habeas corpus cases); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases . . . .").

circumstances.[2] Several district courts within the Eighth Circuit have come to the same conclusion.[3] Indeed, overturning a state conviction would hardly seem to be a proportionate sanction for a respondent's failure to file a timely response. Further, petitioner's motion fails to allege that any prejudice resulted from the minor delay.

IT IS THEREFORE ORDERED that petitioner's motion for default judgment be DENIED. Document #11.

SO ORDERED this 12th day of March, 2014.

                                  _____
                                  J. LEON HOLMES
                                  UNITED STATES DISTRICT JUDGE

---

[2] *See Lemons v. O'Sullivan*, 54 F.3d 357, 364 (7th Cir. 1995) ("Default judgment is disfavored in habeas corpus cases."); *Ruiz v. Cady*, 660 F.2d 337, 341 (7th Cir. 1981).

[3] *White v. Hobbs*, 5:10CV00357-DPM-JTR, 2011 WL 2110424, *1 (E.D. Ark. May 19, 2011) *report and recommendation adopted*, 5:10-CV-357-DPM-JTR, 2011 WL 2119127 (E.D. Ark. May 27, 2011) ("Regardless of any delay, Petitioner is not entitled to a default judgment. Default judgment is an extreme sanction that is disfavored in habeas cases, and some courts have even held that it is unavailable."); *Kennemore v. Blake*, 4:08CV173-DJS, 2009 WL 467304, at *2 (E.D. Mo. Feb. 24, 2009) (holding that "[t]he extreme sanction of default judgment would be inappropriate" when petitioner was not prejudiced by fourteen-day delay in responding to petition); *Hodges v. Norris*, 5:07CV00062-SWW, 2008 WL 80547, *7 (E.D. Ark. Jan. 3, 2008) ("Releasing a properly convicted prisoner by granting habeas relief is a disproportionate sanction for the technical violation that occurred here . . . ."); *Rollen v. Steele*, 4:06CV1114-CAS-MLM, 2007 WL 1125711, at *1 (E.D. Mo. Mar. 26, 2007) ("Whether a default judgment is available in a *habeas corpus* proceeding is doubtful."); *Nord v. Davis*, 89 F. Supp. 2d 1092, 1093 (D.S.D. 2000) ("Although he argues to the contrary, petitioner is not entitled to default judgment based on the government's failure to respond to his abuse of discretion argument.").