IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| KEITH E. COLEY, ) | |
| ADC #  94008 ) | |
|    Petitioner, ) | **Case No. 5:14-CV-00018 JLH-JTK** |
| ) | |
| v. ) | |
| ) | |
| RAY HOBBS,[1] Director, Arkansas ) | |
| Department of Correction ) | |
|    Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

---

[1] The Court notes that Petitioner has named several defendants, but the proper respondent in this habeas action is Ray Hobbs. *See, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). The clerk is instructed to correct the style of the case to match the one above.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325
.

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Keith E. Coley. (Doc. No. 2). A response was filed by Respondent Ray Hobbs. (Doc. No. 10). Petitioner did not file a reply. After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

On April 11, 2002, Petitioner received sentences totaling 120 months in the Arkansas Department of Correction (ADC). He was released on parole on April 21, 2005, but he absconded on November 8, 2005. (Resp't's Resp., Ex.1, Doc. No. 10). He returned to custody on October 27, 2008. *Id.* He absconded again July 7, 2009, and was returned on August 14, 2013. *Id.*

Petitioner's parole was revoked after a hearing on September 12, 2013. He subsequently

appealed that decision to the parole board, but the decision was affirmed on October 7, 2013. Petitioner did not appeal the board's decision using Arkansas's Administrative Procedures Act.

### Discussion

Petitioner essentially argues that he is being held illegally longer than his sentence and accumulated credits allow because the time that he was absconded should be counted towards his sentence. He also contends that his parole hearing did not afford him due process. His arguments are procedurally defaulted, without merit, and are not based on federal law.

A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

As noted above, Petitioner failed to appeal the decision of the parole board using the

methods provided by Ark. Code Ann. § 25-12-212 (Repl. 2002). Previous decisions in the district have held that failure to do so will result in procedural default of Arkansas petitioners' claims. *Tyler v. Guntharp*. 2010 WL 2330276, at * 3 (E.D. Ark. May 20, 2010). Thus, Petitioner's claims are procedurally barred because he failed to properly present them to the state courts, and the time for doing so has expired.

His procedural default bars federal consideration of his claim unless he can 1) show cause for the defaults and actual prejudice as a result of the alleged constitutional violations or 2) demonstrate that failure to consider these claims will result in a fundamental miscarriage of justice. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011). However, Petitioner has failed to establish cause and prejudice that would excuse his default, and he has conceded that he was guilty of absconding.

Even if he could show cause for his default, he was not prejudiced. Petitioner's argument is almost entirely based on Ark. Code Ann. § 16-93-705(a)(8), which reads "[t]he board shall determine whether the time from the issuance of the warrant to the date of arrest, or any part of it, shall be counted as time served under the sentence." Aside from the absurd implications that result from finding that the time during which one has absconded should count towards their time served, it is clear that time served "shall continue *only* during the time in which a prisoner is actually confined in a county jail or other local place of lawful confinement or while under the custody and supervision of the department." Ark. Code Ann. §§ 16-93-610; 16-93-616 (2011) (emphasis added); Ark. Code Ann. § 16-93-1303 (2010). Petitioner's argument is without merit, and he was not prejudiced by the parole board's decision. He also does not explain how the alleged lack of due process prejudiced his claims or changed the result of his proceedings.

Finally, Petitioner's claims primarily involve applications of state law, but federal habeas

corpus actions must involve claims based on federal law.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

All pending motions are denied as MOOT. (Doc. No. 12).

IT IS SO ORDERED this 27th day of March, 2014.

_____
United States Magistrate Judge